**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2012

Lyle W. Cayce
Clerk

No. 11-60056
Summary Calendar

LABINOT KURTAJ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 653 543

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Labinot Kurtaj petitions for review of the Board of Immigration Appeals's (BIA's) decision denying his motion to reopen his immigration proceedings. We review for an abuse of discretion. *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). Kurtaj's original requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) had been denied based on a determination that threats Kurtaj received after witnessing an assassination were not politically motivated and, additionally, that he was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

persecuted on account of his membership in a particular social group. Kurtaj did not petition this court for review of the BIA's affirmance of the immigration judge's opinion ordering his removal.

In his subsequent, untimely motion to reopen, Kurtaj argued that new and material evidence of changed country conditions in Kosovo entitled him to the previously requested relief and excepted him from the limitations period for filing such motions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Kurtaj bases his entitlement to asylum on allegations that he was persecuted in the past, and is subject to a well-founded fear of persecution, on account of his membership in the Democratic League of Kosovo (LDK) and his membership in the particular social group of persons who have witnessed political assassinations. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444-45 (5th Cir. 2001). The new evidence adduced, however, was not material to the issue whether Kurtaj was specifically targeted for persecution on account of his membership in the LDK. *See Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005). Similarly, the new evidence did not support a determination that he faced persecution on account of his membership in a particular social group. *See id.* Having failed to satisfy the requirements for asylum, he also failed to satisfy the requirements for withholding of removal under the Immigration and Nationality Act. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, regarding his CAT claim, the BIA did not abuse its discretion in determining that Kurtaj's new evidence was immaterial to the issue whether it was more likely than not that he would be tortured if removed to Kosovo. *See* 8 C.F.R. § 1208.16(c)(2); *Efe*, 293 F.3d at 907. In light of the foregoing, the BIA did not abuse its discretion in denying Kurtaj's motion to reopen his removal proceedings. *See Panjwani*, 401 F.3d at 632.

PETITION DENIED.